BRISBAN AND BRANNAN *against* CAINES.

BRISBAN
v.
CAINES.

CAINES moved to set aside the *fi. fa.* issued in this cause, for irregularity. He read an affidavit, stating that judgment having been given against the defendant, he sued out a writ of error, which was filed with the clerk of this court on the 4th *January* last, and notice thereof given to the plaintiffs' attorney; that on the 7th *January*, the plaintiffs' attorney entered up the judgment, and a *fieri facias* was afterwards issued thereon, which having been received by the sheriff of *Columbia*, on the 13th *January*, must have been taken out on or before the 11th *January*, so that there were not *four days* between the signing of the judgment and the issuing of the execution. It did not appear that bail in error had been put in.

The defendant contended, that by the settled practice of the court of K. B. in *England,* and which was followed by this court, the defendant has four clear days, after final judgment, to put in bail in error. (*Bennet* v. *Nichols*, 4 *Term Rep.* 121. See, also, *Jaques* v. *Nixon*, 1 *Term Rep.* 279.)

A defendant has four clear days after signing final judgment, to put in bail in error. The plaintiff may take out execution after the *allowance* of a writ of error, and before bail is put in, at his peril; and if the writ of error is regularly followed up by putting in bail, the execution will be set aside: but if bail in error is not put in the writ of error is a nullity.

*Slosson,* contra, said, that if the practice of this court was not settled on this subject, the rule of the court of K. B. was to be adopted. Now, according to that rule, bail in error must be put in in four days, in order to make the writ of error a *supersedeas.* But between the signing of the judgment, in this case, and the delivery of the writ to the sheriff, *six* days had elapsed. The court will look only to the time of the delivery of the writ to the sheriff, without entering into any nice calculation as to the course of the mail, or the probable despatch of the attorney. The delivery of the writ is the commencement of the suit. (*Lowry* v. *Lawrence*, 1 *Caines' Rep.* 69. *Carpenter* v. *Butterfield,* *July* term, 1801.) A party may have a writ filled up and sealed, ready to be delivered as occasion may require, and keep it in his pocket for months.

In fact, however, no bail in error has yet been put in by the defendant; and, by the statute,* no writ of error can be a *supersedeas,* or stay an execution, until the party prosecuting the writ, puts in good and sufficient bail.

* 1 *N. R. L.* 143. sess. 24. c. 25. s. 2.

NEW-YORK,
May, 1814.

BRISBAN
v.
CAINES.

*Caines*, in reply, said, that the decision of the court in *Lowry* v. *Lawrence*, and *Carpenter* v. *Butterfield*, was, that the *suing out* of the writ was the commencement of the action.

The statute for preventing delays of execution by writs of error, applies only to executions regularly issued. The court is bound, by its own authority, to supersede or set aside an execution which has been irregularly issued.

The court of C. P. in *England*, in the case of *Dudley* v. *Stokes*, (2 *W. Bl.* 1183.) decided that the allowance of a writ of error was a *supersedeas* to an execution and all subsequent proceedings.

*Per Curiam.* In the case of *Lane and others* v. *Bacchus*, (2 *Term Rep.* 44.) the court of K. B. decided, that if the writ of error is followed up immediately, by the plaintiff in error regularly putting in bail, it will operate as a *supersedeas;* but if no bail is put in, the writ of error is a mere nullity; and the party may take out execution, after the allowance of the writ of error, and before bail is put in, at his peril; and if the writ of error is followed up regularly, the execution will be set aside.\* And such is the practice of this court.

In the present case the writ of error was allowed the 4th of *January*, and no bail in error was put in within four days after the judgment was signed, nor before the execution was delivered to the sheriff, nor does it appear that it has even been put in at this day. The motion must, therefore, be denied.

\* 2 *Tidd's K. B. Prac.* 1071 —1073.

Motion denied.