BLUNT *against* GREENWOOD.

*Blunt*, moved for a mandamus to the Judges of the Court of Common Pleas of the City and County of *New-York*, commanding them to vacate a rule, granted at the last *February* term of that Court, setting aside a *fieri facias*, upon a judgment of the *January* term preceding, in favour of *Blunt* against *Greenwood*. It appeared, by the affidavits, that the judgment, upon which the *fieri facias* issued, was perfected the 11th of *January* last, which was *Saturday*. On the 16th of the same month, a bill of exceptions, taken by *Greenwood*, upon the trial of the cause, was sealed, and on the *day following*, was filed in the office of the Clerk of that Court, together with a writ of error. Bail in error was put in, and the recognizance was filed with the writ of error, and on *the same day* notice of these proceedings was served on the plaintiff's attorney. The writ of error purported to have been issued out of the *Court of Chancery*, and was *tested* in the name of the *Chancellor*, sealed with the seal of *that Court*, and made *returnable* in the *Supreme Court of Judicature of the State of New-York*, on the first day of *May* term, 1823. On the 16th of *January*, the day before the writ of error, &c. were filed, and notice given, a *fieri facias* was issued, which, on the next day, was executed by a levy upon the property of *Greenwood*. The Court of Common Pleas set aside this *fieri facias*, as irregular.

*Blunt*, agreed that that the party has four days, after signing judgment, within which to sue out and file his writ of error, or to put in bail upon a writ of error previously filed.

Mandamus lies to correct erroneous practice of a Court of Common Pleas, except in mere matters of discretion. An execution may issue immediately, on judgment being perfected, subject to be defeated by a writ of error, filed in 4 days thereafter.—— These are 4 clear juridical days, excluding Sunday. A writ of error, returnable here, must issue out of this Court.—— If issued from the Court of Chancery, it is a nullity. A writ of error will not supersede an execution executed. But in such case, the Court may order the money to be brought into Court, to abide the event of the writ. The counsel showing cause against a rule, have the right of reply.—— Form given of a mandamus to Common Pleas to vacate a rule.

That this was so, he referred to *Doe* v. *Bracebridge*, (1 *T. R.* 280, *note* a ;) *Brisban* and *Brannan* v. *Caines*, (11 *John. Rep.* 197;) and *Lane et al.* v. *Bacchus*, (2 *T. R.* 44.) But he denied that the party was bound to wait one moment, after perfecting his judgment, to take out execution. This might be done *instanter*. True, it was at the plaintiff's *peril*. If *error* was brought, and bail put in within the *four* days, this *superseded* the execution ; but did not affect its original regularity. And he said that the cases he had referred to, in 11 *John.* and 2 *T. R.* went upon this distinction ; and *Tidd's Prac.* 1073, laid down the same rule.

"But it will be said, that the bill of exceptions stayed the proceedings. This is true of bills taken in the Supreme Court, since the *Stat. sess.* 36, *c.* 3, *s.* 4. (1 *R. L.* 319.) The decision in *Hasbrouch* v. *Tappen*, (1 5 *John. Rep.* 182,) that a bill of exceptions stays the proceedings, is grounded upon this statute, which has no application to the Common Pleas. Under this statute, the Supreme Court still retain a jurisdiction over the bill *quoad hoc ;* but the inquiry here, is how the matter stood at the common law. There the cause proceeds, and judgment is given, as if there were no bill of exceptions. This was decided in *Gardner* v. *Baille*, (1 *B.* & *P.* 32,) and the same rule is in 1 *Sell. Prac.* 470. These authorities show, that a bill of exceptions in the Common Pleas does not, *per se*, stay the proceedings.

"But this writ is a nullity. By statute (*Sess.* 38, *c.* 38, *s.* 1,) all original writs, formerly issuing out of Chancery, returnable in this Court, for the commencement of any *suit or proceeding*, shall hereafter issue out of and under the seal of this Court. The words are imperative ; and writs of error can no longer issue out of Chancery. This Court, in regard to writs returnable here, are made the *officina brevium*, instead of Chancery." (*Lynch* v. *Mechanick's Bank*, 13 *John.* 127.)(*a*)

*Greenwood*, contra. The defendant has four clear days, after final judgment, within which to file his writ of error. (*Bennet* v. *Nichols*, 4 *T. R.* 121.) And these are four clear

(*a*) *Wells, arguendo,* p. 136, 7.

*juridical* days. (*Hales* v. *Owen, Salk.* 625.) The judgment being perfected on the 11*th*, which was *Saturday*, we were then in season with our *writ of error* and *bail*, on *Friday* the 17*th*. *Saturday* is excluded as being the first day, and *Sunday* as being *dies non juridicus*. And after the allowance of the writ of *error*, he had in this case, four *additional* days, within which to put in bail. The distinction is, that where the writ of *error* is allowed, and the allowance served *after* judgment signed, the party then has four days to put in bail, after *serving* the allowance. (2 *Sell. Pr.* 373.) But if such service of the allowance be before judgment, he then has four days after *signing* judgment. (*Ibid.* 1 *Rich. C. P. pr.* 252. 2 *Tidd.* 1084. 1 *Archbold,* 224. *Gravall* v. *Stimpson,* 1 *B. & P.* 478.) And so long as the execution is executable but not executed, the writ of error is a *supersedeas.*—(*Perkins* v. *Woolaston,* 1 *Salk.* 321. *Meriton* v. *Stevens, Willes,* 271.) These rules apply to ordinary cases, where the record is complete, and all the matters appear upon the face of it. But this is a much stronger case. Where there is a *bill of exceptions,* the writ cannot be brought, until the record is perfected, by the signing and filing the *bill of exceptions.* (1 *Archbold,* 186.) It was the duty of the Judge on *tendering* the bill, to have set his *seal* to it, and we ought not to be prejudiced by any delay, which arose from taking time, by the Judge or the parties, to *settle* it, according to the facts. Until the bill is settled, the defendant cannot know whether to bring his writ of error or not. The course is, to take out the writ, and after the bill is settled, it is attached to the writ and takes effect. (1 *Archbold's Pract.* 186. *Tidd,* 791.) The Court below, then, having jurisdiction of the subject matter, had a right to make such rule in relation to this *fi. fa.* as it should think just and equitable, under the special circumstances of the case. It was a mere matter of practice ; and no case can be found, where this Court have interfered by *mandamus,* in a proceeding of this kind. The granting or refusing the rule to set aside the *fi. fa.* was matter of discretion, and having been passed upon, it is *res judicata,* and can no more be opened or disturbed, than the

NEW-YORK, matters adverted to by the Chancellor, in *Gelston* v. *Cod-*
May, 1823. *wise.* (1 *John. Ch. Cas.* 189.)

BLUNT          It is doubtful whether *writs of error* are within the words
v.        *original writs,* used by the statute. (*Sess.* 38, *c.* 38, *s.* 1.)
GREENWOOD. If they are not, then the writ of error is regular, and is a
*clear supersedeas* to the *fi. fa.*

*T. A. Emmet,* in reply, agreed that where the Court be-
low has a *discretion,* a *mandamus* will not lie, to control
them in the exercise of it. But here is no *discretion.* The
execution was regular, and it follows, that the Court had no
power to prevent its issuing. Can the Judges supersede an
execution at *discretion,* without any *reason* whatever? The
statute was intended to take away all jurisdiction over writs,
formerly issued by the Court of Chancery, returnable in
Courts of law ; and to transfer the whole of this power to
the Court where the writ is returnable. The bill of excep-
tions is no stay of proceedings, and in *Hasbrouk* v. *Tappen,*
(15 *John.* 182,) the Court put it upon the *words* of the act,
and recognize the ancient practice as being *different.*

*Curia.* In this case the four *clear juridical* days, which
are allowed for bringing a writ of error, had not elapsed
when execution issued. But here is no irregularity. Though
the defendant has four days to bring error, the plaintiff may,
in the mean time, issue execution, at his peril, which is sub-
ject to be *superseded,* by filing a writ of error, and putting
in bail. (*Brisban & Brannon* v. *Caines,* 11 *John. Rep.*
197.) But it is objected, *that here is no writ of error ;* and
this draws in question the construction of the statute. (*Sess.*
38, *ch.* 38, *s.* 1.) As far as we can learn, the practice un-
der this act has been, to issue out of this Court *all writs*
formerly issuing out of Chancery, returnable here, as well,
*original writs,* properly so called, as *writs of error.* We
are of opinion, that this is the correct practice. The words
of the statute are, *original writs* for the commencement of
any suit or proceeding. It is imperative ; *they shall hereaf-*
*ter issue out of and under the seal of the Court, in which such*
*writs may be returnable.* This was, undoubtedly, the com-
mencement of a *proceeding,* within the words of the act.

In this view of the case, the *paper* purporting to be a *writ of error*, and filed as such, was a *nullity*. But as it did not appear that notice of the motion had been served on the Judges, the Court granted

A rule to show cause, &c.

On the 17*th* of *May*, the time appointed in the rule to show cause, *Blunt* moved to make the rule for a mandamus *absolute*.

*Greenwood*, produced the answer of the Judges, which did not vary *materially* from the facts, as they appeared on moving for the first rule. It appeared, however, that shortly after the writ of error, which issued out of Chancery, had been filed, the attorney for the defendant, supposing it might be *defective*, had procured a writ of error to be issued out of *this* Court, and filed with the Clerk, in the Court below, upon which, bail was put in. It farther appeared, that after the trial, the bill of exceptions had been drawn up by the attorney for the defendant, and amendments proposed by the attorney for the plaintiff; in consequence of which it was not settled and signed by the Judge who tried the cause, until the 16*th* of *January*, more than a *week* after the trial.

*Greenwood*, now referred to *Wathen et al.* v. *Beaumont et al.* (11 *East*, 271,) where it was holden, that *Sundays* and *Holydays* were excluded from the computation of time given to plead upon a *sci. fa.* though these may not happen on the last day. He also referred to *Roberts* v. *Stacy*, (13 *East*, 21,) which decides that the *first* and *last* days, as well as *Sundays*, are excluded, in counting time, upon a rule for judgment.(*b*) The principle of these decisions, he said, would give the

(*b*) In *rules plead*, in actions in general, a *Sunday* or *Holyday* reckons as a day, unless it be the *last*. (*Roberts* v. *Quickenden*, 11 *East*, 272, *note c. Cock* v. *Bunn*, 6 *John. Rep.* 327.) One day is reckoned *inclusive*, and the other *exclusive*; so that where notice of the rule to plead is served the 1*st September*, the defendant has all the 21*st day* in which to plead, and the *default* cannot be entered till the 22*nd*. (*Hoffman* v. *Duel*, 5 *John. Rep.* 232.) And where the time for pleading is extended by an order, *until* such a day, it *includes* that day; so that the default cannot be entered till the next. (*Thomas* v. *Douglass*, 2 *John. Cas.* 226.)

NEW-YORK,   same time for bringing a writ of error. [WOODWORTH J.
May, 1823.   Admit this to be so ; was your writ of error a good one ?
BLUNT   We thought on granting the rule to show cause, that it was
v.   not.]
GREENWOOD.

     *T. A. Emmet*, referred to the case of *Doe* v. *Dinely*,
(4 *Taunt.* 289,) as one which he should use in his reply.
He mentioned this case now, that the counsel opposed to
the motion, might have an opportunity to answer it.

Counsel shew-   *Fessenden*, for the defendant, said he supposed, that coun-
ing cause   sel answering a rule to show cause, had the right of *reply*,
have the right
to reply.   which he should claim to exercise, if he thought it necessa-
ry ; to which the *Court* agreed. He insisted that the writ of
error, *out of Chancery*, was not a mere *nullity*. It was
*voidable* only, not *void*. If voidable, it would operate as
a *supersedeas* till set aside ; and the Court below had no
right to question its regularity. The statute does not de-
clare, that an *original writ*, issued out of Chancery, shall be
*void*. This Court have decided that a writ, though *not test-
ed* in the name of the *Chief Justice*, is voidable, and may
be amended. (*U. States* v. *Hanford*, 19 *John.* 173.) Yet
this *test* is absolutely required by the Constitution.

     But the counsel and attornies in the Court below, did what
was equivalent to an order to stay proceedings, in that Court.
A bill of exceptions was drawn up, and amendments inter-
changed. The attorney for the plaintiff appearing, and ta-
king part in settling the bill, was calculated to mislead the
attorney for the defendant, who was thereby prevented from
obtaining an order. This Court have decided, that where
the counsel for the parties submit to the Court a motion in
arrest of judgment, it operates, *per se*, as a stay of proceed-
ings. What the parties have done here is the same in effect.
But if not, the Court below had a right to relieve against
this strict practice, on the ground of misapprehension. (*The
Mayor, &c. of New-York* v. *Sands*, 2 *Caine's Rep.* 378.)
The same thing is done at every term of this Court.
Here ample bail is given, and no evil can arise in allowing
full operation to the second writ of error. In granting a
*mandamus*, this Court exercise a discretionary power ; and

they will not interfere, in the exercise of that discretion, *merely* because the Court below may have erred in a *minute* particular. At any rate we now have a good writ of error, and though it may not stay execution, yet the Court will control the money when collected, so as not to suffer it to pass into the plaintiff's hands. (*Meriton* v. *Stevens, Willes,* 272.)

NEW-YORK,
May, 1823.

BLUNT
v.
GREENWOOD.

*Blunt & T. A. Emmet,* contra, said that the writ of error was *void.* And there had been no *surprise,* to warrant the interference of the Court below. The writ issued out of a Court having no authority to grant it. Suppose it had issued from one of the *United States'* Courts, would the Judges have been bound to obey it ? The judgment having been perfected, it passed beyond the control of the Court below. Nor does the answer of the Judges put their proceeding upon the ground of *discretion.* True, a writ may be amended in the *test,* because it issues out of a proper Court ; but you cannot amend the *fact,* that it issued out of the Court of Chancery. It is as much void to all intents, as if it had been issued by the *Common Pleas of Chenango.* Nor is this case like submitting a motion in arrest of judgment ; for *that* comes before the Court in due and proper course ; and the *submission* would, in its nature, stay the proceedings. As to the disposition of the money when collected, they submitted it to the Court.

*Curia.* The facts *shewn for cause,* appear to be precisely the same, to every material purpose, as on granting the rule to shew cause ; and we see no sufficient reason for changing the opinion which we then expressed. The Court below misapprehended the practice, in supposing that execution could not go, within the *four days.* The plaintiff had a *qualified* right to his *fi. fa.* The *words* of the statute, undoubtedly, embrace *writs of error ;* and this construction is conformable to the general practice and understanding of the bar. Here there was no writ of error, and no bail. All is void. But a *second* and *valid* writ of error has been filed, and bail put in. This was not till after the *fieri facias* was executed ; and therefore, does not operate as a *superse-*

NEW-YORK,  *deas*.(*c*)   As here has been a misapprehension of the prac-
May, 1823.  tice ; and as the defendant's counsel *insists*, and the plain-
BLUNT      tiff's counsel *submits*, that this Court should make such dis-
v.          position of the money, to be collected, as shall be equitable ;
GREENWOOD.  let the money be paid into Court, to abide the event of the
           writ of error.(*d*)     The Clerk may pay it to the plaintiff, on
his giving security to refund ; or it may be placed at interest,
by the Clerk, on such security as he shall think proper.

Rule absolute, but without costs.(<em>e</em>)

(*c*) *Blanchard* v. *Myers*, 9 *John. Rep.* 66. *Meriton* v. *Stevens*, *Willes*, 271.

(*d*) In *Meriton* v. *Stevens*, a similar rule was made in the Court below, without the consent of parties.

(*e*) The form of the *mandamus*, thereupon issued, was thus :

*The People of the State of New-York* :—To the Judges of the Court of
Common Pleas of the city of *New-York*, Greeting :   Where-
(*L. S.*)      as *Edmund M. Blunt*, lately recovered a judgment for the
sum of nine hundred and ninety-seven dollars and eighty-two
cents, against one *Isaac Greenwood*, which said judgment was entered of
record, in the said Court of Common Pleas, on the *eleventh* day of *Janua-
ry* last, and upon which said judgment a *fieri facias* was issued ; and,
afterwards, a levy made by virtue of the said *fieri facias*, upon the goods and
chattels of the said *Isaac*, to wit, on the *seventeenth* day of said *January* ;
and whereas, we have been informed, from the complaint of the said *Ed-
mund*, that a rule was granted by you, during the last *February term* of the
said Court of Common Pleas, setting aside the said *fieri facias*, to the great
damage and grievance of the said *Edmund* :

We, therefore, being willing that due and speedy justice should be done
to the said *Edmund*, in this behalf, as it is reasonable, do command you,
firmly enjoining you, that immediately after the receipt of this our writ, you
do, without delay, *vacate, and cause to be vacated*, the said rule granted by
you at the last *February term* of the said Court of Common Pleas, that the
same complaint may not, by your default, be again repeated to us : and
how you shall have executed this our writ, make known to us, before our
Justices of our Supreme Court of Judicature, at the *Academy* in the town
of *Utica*, in the county of *Oneida*, on the first Monday of *August* next,
then and there returning this our writ, upon peril that may fall thereon.
Witness, JOHN SAVAGE, *Esquire*, Chief Justice, at the *City Hall* of the
city of *New-York*, the seventeenth day of *May*, in the year of our Lord one
thousand eight hundred and twenty-three.

*Fairlie, Bloodgood & Breese*, Clerks.