# NEW YORK COMMON PLEAS.

HARMON D. HULL *et al*. agt. VIRGIL L'EPLATTIMER, Jr., *et al*.

*Punishment for contempt in putting in insufficient bail.*

The agent of a party to a suit who procures a surety to make a false affidavit in justification, or who knowingly procures an utterly insufficient surety and represents him, or causes him to represent himself, to the court sufficient, and induces him to take a false oath to the same end, will be punished for contempt although not a party to the suit.

*Special Term, May*, 1875.

APPLICATION by plaintiffs for attachment against James Lee, for contempt, in putting in fictitious sureties on appeal, and for other misconduct.

*Charles Lee Clarke* for plaintiffs.

*Thomas Stevenson* for James Lee.

J. F. DALY, *J.* — In an action brought by Emeline Lee against Harmon D. Hull and Anna C. Hull, the defendants obtained a judgment against the plaintiff for $197 costs, on April 7, 1873, in this court. An appeal was taken by Emeline Lee, the plaintiff, from that judgment, and an undertaking given; Virgil L'Eplattimer, Jr., was one of the sureties in the undertaking. The sureties were excepted to, and upon justification, L'Eplattimer swore that he was an importer of Swiss Balsam, at 147½ Franklin street; that he was a householder in this city, and was worth $1,000 over all his debts and liabilities. It now appears that L'Eplattimer, at the

time he executed the undertaking and made the oath on his justification, was under the age of twenty-one years; that he was not an importer, but a sign painter; that he lived with his father. Action was brought and judgment recovered against him on the undertaking for $325.90, and execution issued, which was returned *nulla bona.*

The evidence before me on this application satisfied me that L'Eplattimer and James Lee united in the scheme to offer a worthless surety on the undertaking, and for that purpose deceived the attorney for the appellant as well as the respondent and the court in representing the surety to be of full age, to be an importer, a householder, and a sufficient surety. James Lee is the husband of the appellant Emeline Lee; he took entire charge for his wife of the litigation, and procured the sureties on the appeal.

The letter written by James Lee, to the father of the surety, instructing him to " put your folks on the guard as to how to answer any one that might inquire as to your son being an importer, &c.," is not consistent with his innocence of the imposition that had been practiced, but indicates a guilty knowledge of it. The elder L'Eplattimer was the agent of James Lee, to collect rents, &c., and was acting confidentially for him in several matters; and the relations between them confirm the statements in L'Eplattimer's deposition as to the conversations in which Lee was informed of the truth as to the surety's age, business, &c. James Lee, therefore, knowingly caused the undertaking to be given, and the justification by the surety in which the false statements were made. Lee went with the surety to the office of the appellant's attorney to have the undertaking executed, and went to the court with the attorney and surety to justify.

While it may be doubtful if James Lee, who was not a party to the suit in which the undertaking was given, can be punished under the provisions of the second subdivision of section 1 of title 3 (2 *R. S.*, 534), providing for the pun-

ishment of "parties to suits for putting in fictitious bail or sureties," he is liable to punishment, even as a stranger to the action, under the general provisions of the eighth subdivision of the same section and title of the Revised Statutes. The statute provides that every court of record shall have power to punish by fine and imprisonment any misconduct by which the rights or remedies of a party in a cause may be defeated, impaired, impeded or prejudiced, in "all other cases where attachments and proceedings as for contempts have been usually adopted and practiced in courts of record to enforce the civil remedies of any party to a suit in such court, or to protect the rights of any such party" (2 *R. S.*, 534, 535).

Perjury has always been held a great contempt of court (*Stockman* agt. *French*, 1 *Bing.*, 365).

If the plaintiff in the cause or his attorney can be connected with the false swearing of the bail the court will punish them, and has the power to do so (*A. Becket* agt. ——, 5 *Taunt.*, 775).

And when two people put in bail in feigned names, and could not be prosecuted for personating bail under the statute (21 *Jac.*, 1 *C.*, 20) because there were no such persons, the bail and the attorney were both punished for contempt (*Anonymous*, 1 *Strange*, 384).

Any person who adopts any means to prevent the course of justice will be liable to punishment for contempt (13 *Mees. & Welsby*, 593); and strangers as well as parties to suits are liable to punishment for contempt for using force or fraud to prevent the course of justice (*Smith* agt. *Bond*, 2 *D. & L.*, 460; *see also* 9 *Jur.*, 20, *and* 14 *S. J. Exch.*, 114).

No plainer case of an attempt to pervert or to prevent the course of justice can be shown than that of the agent of the party to a suit who procures a surety to make a false affidavit in justification, or who knowingly procures an utterly insufficient surety, and represents him, or causes him to represent himself, to the court sufficient, and induces him to

take a false oath to the same end.   It is a great abuse, and directly tends to impair and prejudice the rights and remedies of the adversary in the litigation.

Such a case is made out, in my judgment, against James Lee; and I therefore direct that he pay to the plaintiffs or their attorney, as fine, a sum equal to the amount of the judgment against the sureties on the undertaking, together with the expenses of this proceeding, and that he be imprisoned until the fine be paid; such imprisonment not to exceed sixty days (2 *R. S.*, 538, *secs.* 20, 21, 25).