955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Norman Jay HAYES and Norma Rae Hayes, d/b/a Standing Star
Ranch, Plaintiffs-Appellants,
v.
PRODUCTION CREDIT ASSOCIATION OF the MIDLANDS, Defendant-Appellee.
 No. 87-2171.
 United States Court of Appeals, Tenth Circuit.
 Feb. 10, 1992.
 
 Before HOLLOWAY, BARRETT and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT*
 HOLLOWAY, Circuit Judge.
 
 
 1
 Appellants-debtors appeal from the district court's affirmance of the bankruptcy court's order dismissing their 1986 Chapter 11 bankruptcy petition. They assert the bankruptcy court erred by sua sponte dismissing their Chapter 11 petition and vacating the automatic stay. Debtors further contend the bankruptcy court erred by ordering a modification of the debtors' plan of reorganization filed in their pending 1983 Chapter 11 proceeding. We affirm for essentially the same sound reasons given by the district court and the bankruptcy judge. The district court's order on the principal issue is attached as Appendix A to this order.
 
 PROCEDURAL AND FACTUAL BACKGROUND
 
 2
 On January 24, 1982, the Production Credit Association of the Midlands ("P.C.A.") filed a Judgment and Decree of Foreclosure against the debtors in Park County, Wyoming. Execution was stayed pursuant to said Judgment and Decree, and debtors were given an opportunity to pay the judgment over a period of time. The debtors subsequently defaulted on their payments and a foreclosure sale was set for March 4, 1983. On March 3, 1983, the debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code. On February 14, 1984, the amended plan of reorganization was confirmed.
 
 
 3
 The plan established the value of P.C.A.'s claim secured by real property at $1,400,000 and provided that this value would be paid at 12% interest in semi-annual payments over five years. The plan specified that if the debtors defaulted on any of these semi-annual payments, the debtors would promptly place deeds to the collateral real property in the possession of an escrow agent. If, after the deeds had been placed in escrow, the debtors defaulted on any other payments due under the plan, or upon the occurrence of one of the other specified events, such as failure to pay the taxes when due, then P.C.A. was entitled to cause the escrow agent to send notice to the debtors of default. If the debtors did not cure such default within a specified time thereafter, then the plan provided that P.C.A. was entitled to accelerate the entire debt, receive the deeds and proceed against the property. Amended Reorganization Plan filed Dec. 29, 1983, Case No. 83-120. On December 25, 1985, the debtors defaulted under the plan. Following notice and an opportunity to cure the default, the deeds were to be delivered to P.C.A. on May 12, 1986. One week before that deadline, on May 5, 1986, the debtors filed a second petition seeking relief under Chapter 11.
 
 
 4
 On June 18, 1986, the bankruptcy court heard argument regarding P.C.A.'s motion to dismiss the second petition. On July 30, 1986, the court entered its order wherein it lifted the automatic stay, dismissed the case, and made a finding after an evidentiary hearing that the debtors had materially defaulted with respect to the confirmed plan and would dismiss the 1983 case unless the debtors submitted a plan to the court to modify the plan. This decision was appealed to the federal district court in Wyoming which affirmed. Debtors did not seek nor obtain a stay after the bankruptcy court dismissed their second Chapter 11 petition on July 30, 1986.
 
 
 5
 Following the entry of the July 30, 1987 order, P.C.A. proceeded to foreclose its security interest in the real estate and personal property of the debtors. As a result, the quit claim deeds were delivered to P.C.A. by the escrow agent and recorded in Park County, Wyoming, on August 14, 1986.
 
 
 6
 Subsequent to the recording of the quit claim deeds, the debtors' motion for modification of the plan was heard in the first Chapter 11 case. In the bankruptcy court's September 3, 1986 order, it ruled the debtors' proposed modification did not comply with the provisions of Chapter 11 and that it would be denied. The court then dismissed the first Chapter 11 petition for material default under the terms of the confirmed, but not yet consummated plan.
 
 
 7
 On January 3, 1987, the bankruptcy court denied the debtors' motion for reconsideration of its September 3, 1986 dismissal of the first Chapter 11 proceeding. The bankruptcy court held the debtors to be in material default because:
 
 
 8
 [T]he debtors had defaulted on the payments due to the secured creditor, Federal Land Bank, under the Plan; at the time of the August 19, 1986 hearing, the debtors were six payments behind in their obligations to the Federal Land Bank; the debtors were in default of their obligations to the P.C.A. under the confirmed Plan; the debtors failed to make the semi-annual payments to the P.C.A.; the debtors had missed all five payments due under the Plan for the personal property secured to the P.C.A.; the debtors had missed five payments due to I.F.G. Leasing under the Plan; and the debtors failed to pay the taxes on the real property securing the P.C.A. lien provided under the Plan.
 
 
 9
 Brief of Appellee, Ex. "4" at 4-5.
 
 
 10
 On September 28, 1987, the district court affirmed the bankruptcy court's dismissal of the 1983 Chapter 11 proceeding. The debtors did not appeal that district court ruling to this court. The appellants-debtors did appeal the district court's affirmance of the bankruptcy court's dismissal of their second Chapter 11 proceeding, as noted.
 
 ANALYSIS
 A.
 
 11
 At the outset, we note that the parties addressed the issue of mootness at argument which was raised sua sponte by this court. We are not convinced, however, that we should bypass the merits of this case because of the debtors' failure to obtain a stay of both bankruptcy dismissals and their failure to appeal the dismissal of their first Chapter 11 proceeding. See, e.g., Matter of King Resources Co., 651 F.2d 1326, 1331-32 (10th Cir.1980) (merits of appeal addressed where issues concerning allegedly erroneous confirmed plan are raised by debtors who failed to obtain stay and subsequent purchases of debtor's assets had been made, due to possible effect of appeal on further proceedings).
 
 B.
 
 12
 Debtors argue the bankruptcy court did not have authority to dismiss their 1986 Chapter 11 proceeding, despite the existence of their pending 1983 Chapter 11 proceeding. The debtors also assert the bankruptcy court erred by not following the proper procedural requirements when it dismissed the petition and lifted the automatic stay. We find that both arguments lack merit.
 
 
 13
 The district court's order affirming the bankruptcy court's dismissal of the second Chapter 11 proceeding reviewed the conflict in case law regarding sua sponte dismissals of Chapter 11 proceedings by bankruptcy courts. Compare In re Moog, 774 F.2d 1073, 1076-77 (11th Cir.1985) (absent evidence of lack of good faith by petitioner, bankruptcy court committed error by sua sponte dismissal of Chapter 11 petition before debtor had opportunity to file reorganization plan) with In re Smith, 85 B.R. 872, 873 (Bankr.W.D.Okla.1988). Although noting the restrictive language in 11 U.S.C. § 1112(b) which arguably precludes the bankruptcy court from dismissing a Chapter 11 case on its own motion, the district court held § 1112(b) did not preempt a bankruptcy court's inherent authority to act sua sponte. See 11 U.S.C. § 105(a) ("The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."). While this provision became effective after the dismissal of the debtors' second Chapter 11 petition, we agree with the view of the district judge that "the Amendment was not included with an intent to change the law, but rather to codify and clarify the existing powers of the Bankruptcy Court." Order Affirming Decision of the Bankruptcy Court at 7-8 (Judge Kerr's Order attached as an Appendix hereto). In Freshman v. Atkins, 269 U.S. 121, 124 (1925), the Supreme Court in a similar situation held a court on its own motion may dismiss a second bankruptcy petition if it includes the same debts as a pending bankruptcy proceeding. See also In Re Smith, 85 B.R. 872, 873-74 (Bankr.W.D.Okla.1988).
 
 
 14
 We feel that to protect the integrity and administration of the bankruptcy proceedings, debtors should not be permitted to simultaneously maintain two proceedings involving the same debts. To allow such a situation would encourage debtors to abuse the protections afforded by the bankruptcy law. Because the debtors' property was already within the protection of the first Chapter 11 proceeding, the bankruptcy court properly dismissed the second proceeding sua sponte and the district court's affirmance of that ruling was correct.[1]
 
 C.
 
 15
 The debtors assert further that the district court erred in affirming the bankruptcy court's order that they submit a plan to modify the amended plan confirmed by the court in the original Chapter 11 case. Specifically, the debtors argue that because the original amended plan had been fully administered under Local Bankruptcy Rule 1033, the bankruptcy court was without authority to order a modification. We disagree and find the debtors' argument to be without merit.
 
 
 16
 The bankruptcy court clearly found the debtors had materially defaulted under the plan. Because of this finding, the bankruptcy court extended an opportunity for the debtors to file a proposed modification of the confirmed plan of reorganization. The proposed modification submitted by the debtors was rejected by the court as not complying with the provisions of 11 U.S.C. § 1129(a)(2). Therefore, the court correctly determined that the debtors' 1983 case should be dismissed for material default, as allowed under 11 U.S.C. § 1112(b)(8).
 
 D.
 
 17
 Finally, debtors' reliance on 11 U.S.C. § 1144 is misplaced.[2] There has never been any allegation of fraud in procuring the confirmation order. Pursuant to 11 U.S.C. § 945(a) the bankruptcy court may retain jurisdiction over the case for such time as is necessary for the successful implementation of the plan. Additionally, the bankruptcy court here was expressly granted continuing jurisdiction by the debtors to consider any proposed modifications. Amended Reorganization Plan filed Dec. 29, 1983, Part VII, p 8. Thus, we find the bankruptcy court acted properly and did not abuse its discretion in ordering the debtors to file a proposed modification to the confirmed plan.
 
 
 18
 AFFIRMED.
 
 APPENDIX
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF WYOMING
 
 19
 Norman Jay Hayes and Norma Rae Hayes d/b/a Standing Star
 
 
 20
 Ranch, Appellants,
 
 
 21
 vs.
 
 
 22
 Production Credit Association of the Midlands, Appellee.
 
 
 23
 Norman Jay Hayes and Norma Rae Hayes d/b/a Standing Star
 
 
 24
 Ranch, Appellants,
 
 
 25
 vs.
 
 
 26
 Production Credit Association of the Midlands, Appellee.
 
 No. C86-322-K
 No. C86-323-K
 
 27
 July 9, 1987.
 
 
 28
 ORDER AFFIRMING DECISION OF THE BANKRUPTCY COURT
 
 
 29
 The above-entitled matter having come on regularly for hearing before the Court on appeal from the decision of the United States Bankruptcy Court, District of Wyoming; appellants appearing by and through their attorney, Paul Hunter, and appellee appearing by and through its attorney, Jerry Yaap; and the Court having heard the arguments of counsel and having carefully reviewed and considered said appeal, the briefs and record herein, and all matters pertinent thereto, and being fully advised in the premises, FINDS:
 
 
 30
 That appellant-debtors appeal from an order of the Bankruptcy Court which (1) dismissed case number 86-00367, the debtors' second filing of a Chapter 11 Petition for Reorganization; (2) terminated the Automatic Stay Order; and (3) allowed debtors ten days to submit plans to the Court to consummate the confirmed plan of reorganization in debtors' first filed Chapter 11 Petition for Reorganization, case number C83-00120.
 
 
 31
 Appellant-debtors challenge the authority of the Bankruptcy Court to sua sponte dismiss the Chapter 11 proceeding in 86-00367 and challenge the Bankruptcy Court's sua sponte granting of relief from stay [without notice] and the Court's order requiring modification of the debtors' [consummated] plan of reorganization.
 
 
 32
 The facts show that the debtors originally filed a Petition for Reorganization under Chapter 11 on March 3, 1983 and pursuant to order of the Bankruptcy Court of February 14, 1984, the debtors' plan of reorganization was confirmed. Pursuant to the plan, the debtors were required to make semi-annual payments of $70,000.00 to the appellee Production Credit Association of the Midlands (PCA). The debtors defaulted on their December 31, 1985 payment and pursuant to the plan, deeds held in escrow were delivered to the PCA on May 12, 1986 after default and notice of default had been given to the debtors. The appellant-debtors, however, filed a second Petition for Reorganization under Chapter 11 on May 6, 1986.
 
 
 33
 Contrary to appellants' assertions, a hearing was held on June 20, 1986 upon a letter from PCA's counsel treated as a motion to modify the stay order. Upon hearing, the Bankruptcy Judge found that the confirmed plan in case number 83-00120 had not been consummated, that the plan, therefore, was not subject to being included in another plan under Chapter 11, and that debtors had materially defaulted with regard to the plan.
 
 
 34
 The Court, however, gave the appellant-debtors an opportunity to submit plans to consummate the confirmed plan under 83-00120. The debtors failed to timely file such plan and the 83-00120 case was later dismissed upon motion of the appellee PCA, for cause pursuant to 11 U.S.C. § 1112(b).
 
 
 35
 While there appears to be a conflict in the case law as to the Bankruptcy Court's authority to dismiss a Chapter 11 case sua sponte, this Court is of the opinion that the Bankruptcy Court's sua sponte dismissal of case number 83-00367 was proper under all the facts and circumstances.
 
 
 36
 Some courts have held that strict construction of 11 U.S.C. § 1112(b) in light of the legislative history on the matter precludes the Bankruptcy Court's dismissal of a Chapter 11 case on its own motion and that dismissal may be effected only upon request of a "party in interest." See e.g. In Re Moog, 774 F.2d 1073 (11th Cir.1985); In Re Tiana Queen Motel, 749 F.2d 146 (2nd Cir.1984); In Re Gusam Restaurant Corp., 737 F.2d 274 (2nd Cir.1984). Section 1112(b) provides in part that:
 
 
 37
 Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including-- ...
 
 
 38
 (emphasis added). The court in Moog discussed the legislative history wherein the Senate version of § 1112(b) containing language expressly giving the court power to dismiss or convert a Chapter 11 on its own motion, was not adopted. The Moog court concluded that the congressional intent was to preclude a Bankruptcy Court's sua sponte action under § 1112(b). In Re Moog, 774 F.2d at 1076. Even this view, however, does not always preempt a Bankruptcy Court's inherent power to dismiss a case in order to preserve the integrity of the bankruptcy system under certain circumstances. Id. at 1076-1077.
 
 
 39
 Some courts have taken the view that Bankruptcy Courts may dismiss cases sua sponte where to do so "perpetuates the proper use of the bankruptcy mechanism," In Re Ray, 46 B.R. 424, 426 (S.D.Ga.1984); and that the Bankruptcy Court has an inherent power to act sua sponte to dismiss, independently of grounds specified in either § 305(a) or § 1112(b) of Title 11. Matter of Century City, Inc., 8 B.R. 25, 29 (D.N.J.1980). In the case of In Re Stahl, Asano, Shigetomi & Associates, 7 B.R. 181 (D.Haw.1980), the court stated that "without the power to dismiss sua sponte the court would be powerless to dismiss a suit except on the motion of a party." Id. at 186.
 
 
 40
 In the case of Matter of Nikron, Inc., 27 B.R. 773, 777 (E.D.Mich.S.D.1983), the court in discussing the legislative intent behind § 1112(b) stated that:
 
 
 41
 Both the House and Senate recognized that 'bankruptcy affects too many people to allow it to proceed untended by an impartial supervisor' whether by a bankruptcy judge, the United States Trustee or some other entity. It is reasonable to conclude that Congress did not intend to place the bankruptcy judge 'on a pedestal watching the estates under his jurisdiction ... dissipate themselves through lack of supervision.' Congress did not intend, at least in non-pilot districts, that bankruptcy judges sit idly by and blithely ignore abuses that could lead to the compromise of the bankruptcy system and the integrity of the court. A court has the inherent power and duty to control its docket, to preserve its integrity, and to insure that the legislation administered by the court will accomplish the legislative purpose. In re Coram. A statute is not to be applied 'strictly in accord with its literal meaning where to do so would pervert its manifest purpose.' In re Adamo, 619 F.2d at 222. Based upon the foregoing reasons, it is the holding of this court that a court has the sua sponte power to convert or dismiss a chapter 11 case.
 
 
 42
 (footnotes omitted). See also In Re Cricker, 46 B.R. 229 (N.D.Ind.1985); In Re Harvey Probber, Inc., 44 B.R. 647 (D.Mass.1984); Matter of East Town Properties, 31 B.R. 507 (E.D.Wis.1983); In Re G-2 Realty Trust, 6 B.R. 549 (D.Mass.1980).
 
 
 43
 This Court is of the opinion that § 1112(b) cannot preclude sua sponte dismissal of a case in all circumstances and that the Bankruptcy Court still retains an inherent power to dismiss a case upon its own motion under proper circumstances. This view taken in light of § 105(a) and the 1986 amendment thereto, is not unreasonable.
 
 
 44
 The Report of The National Bankruptcy Conference's Position On The Court System Under The Bankruptcy Amendments And Federal Judgeship Act Of 1984, And Suggestions For Rules Promulgation, 23 Harv.J. on Legis. 357, 360-361 (1986), provides that:
 
 
 45
 Section 113 of the 1984 Amendments appears to repeal section 1481 of title 28. The repealed section provided that '[a] bankruptcy court shall have the powers of a court of equity, law, and admiralty, but may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment.'
 
 
 46
 It is the position of the Conference that following the 1984 Amendments, the bankruptcy court may still 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title [title 11].' [Referring to 11 U.S.C. § 105(a) ] It is also the Conference's position that since the district court has the powers of a court of equity, law, and admiralty, such powers may be referred to the bankruptcy court as a unit of the district court. The Rules should so provide.
 
 
 47
 (footnotes omitted). The 1986 amendment to § 105(a) seems to clarify the inherent authority of the Bankruptcy Court to act sua sponte. That statute now provides:
 
 
 48
 The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
 
 
 49
 (underlined portion, 1986 amendment).
 
 
 50
 While this amendment became effective after the dismissal of appellants' second Chapter 11 petition, this Court is persuaded that the Amendment was not included with an intent to change the law, but rather to codify and clarify the existing powers of the Bankruptcy Court.
 
 
 51
 In an "Overview of the Bankruptcy Act of 1986," commentators have made the following persuasive statements regarding § 105(a).
 
 
 52
 After the 1984 Amendments there was some doubt whether or not the power granted by this Section of the Code could be exercised by a Bankruptcy Judge. This amendment was designed to empower the Bankruptcy Judge to act under appropriate circumstances on its own motion to assure that all orders issued by the court will be enforced and to enter such orders and issue such processes as are necessary to implement court orders and to prevent an abuse of process. This seemingly broad language might conceivably include the power of the Bankruptcy Judge to cite for contempt one who violated a valid order issued by the court, a power granted to the district courts under the All Writs Statute, 28 USC § 1657. At the very least, however, this amendment makes it clear a Bankruptcy Judge may issue orders to protect debtors against abuse of process, to protect the integrity of the bankruptcy system, and to assure that all lawful orders of the bankruptcy courts are obeyed.
 
 
 53
 (emphasis added). Norton, Bankruptcy Law and Practice, An Overview Of The Bankruptcy Judges, United States Trustees, And Family Farmer Bankruptcy Act Of 1986 at pages 20 and 21.
 
 
 54
 This Court, therefore, concludes that under all the facts and circumstances of this case, the Bankruptcy Court did not act contrary to the law nor abuse its discretion in dismissing the second Chapter 11 petition, case number 86-00367, where the confirmed plan under the first Chapter 11 petition had not been consummated and the debtors had defaulted on said plan. The law provides that "when a bankruptcy action is pending, a subsequent action which purports to effect the same debt cannot be maintained." In Re Belmore, 68 B.R. 889, 891 (M.D.Pa.1987). In the Belmore case, the court noted that this rule was necessary to provide for orderly administration of justice, protection of the court's jurisdiction, and prevention of abuse of the bankruptcy laws. Id. The Bankruptcy Court's dismissal action in the instant case was proper to protect the integrity of the bankruptcy system.
 
 
 55
 Furthermore, this Court does not find that the Bankruptcy Court erred in lifting the automatic stay or requiring the debtors to submit a plan to consummate the confirmed plan in the original reorganization case, number 83-00120.
 
 
 56
 NOW, THEREFORE, IT IS ORDERED that the order and decision of the Bankruptcy Court appealed from herein, be, and the same is, hereby affirmed and said appeal be, and the same is, hereby dismissed.
 
 
 57
 /s/ EWING T. KERP
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Because we find the district court properly dismissed the 1986 petition, the issue of whether the automatic stay in that case was improvidently lifted is moot
 
 
 [2]
 11 U.S.C. § 1144 states in part:
 [o]n request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation, and after notice and a hearing, the court may revoke such order if such order was procured by fraud....