**In re Vernon NICKERSON and Frances Nickerson, d/b/a Vernon Nickerson Contractors and Panhandle Earth Movers, Debtors.**

**Bankruptcy No. 284–20073.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

May 18, 1984.

David Mullin, Amarillo, Tex., for debtors.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Decimal, Inc., a creditor of Vernon Nickerson and Frances Nickerson, d/b/a Vernon Nickerson Contractors and Panhandle Earth Movers ("Nickerson") filed motion to dismiss this bankruptcy case pursuant to § 1112 of the Code. Specifically Decimal contends that the debtors have been discharged in bankruptcy in a case which commenced less than six years prior to the

filing of the motion for order for relief under Chapter 11 in this case and that the instant case was filed for the sole purpose of delaying state court proceedings. The following summary constitutes findings of fact and conclusions of law after nonjury trial.

The debtors filed petition for order for relief under Chapter 11 of Title 11, United States Code on April 3, 1984. Prior thereto on March 24, 1981, the debtors had filed petition for order for relief under Chapter 7 of the Code in cause number 281–00051 in the Amarillo Division of the Northern District of Texas [1] and order discharging them from all dischargeable debts was entered in that case on June 22, 1981. Decimal, Inc. argues that § 727(a)(8) prevents this Court from discharging the debtors in the instant case, because by filing the instant case the debtors have commenced a case under Title 11 within six years of the filing of the earlier petition for order for relief. Further, Decimal, Inc. argues that any plan of reorganization which the debtors might file cannot be confirmed because the debtors cannot be discharged. In substance Decimal contends that the instant case was filed by the debtors for the sole purpose of delaying state court proceedings. According to Decimal's pleadings it contends that it has scheduled a nonjudicial foreclosure against the debtors' real estate to be conducted at 10:00 o'clock A.M. on Tuesday, April 3, 1984, and that fifteen minutes prior to the scheduled trustee's sale the debtors filed petition for order for relief under Chapter 11 in this case. Notwithstanding the filing of the case the trustee proceeded with the scheduled sale under the deed of trust. Decimal seeks order of this Court confirming the validity of the trustee's deed to it by virtue of its bid at that trustee's sale.

■ There is merit to the argument by Decimal that § 727(a)(8) of the Code prevents the granting of a discharge to the

1. The report of the trustee, reflecting that the case was a "no-asset" case, was filed on December 15, 1981, and order accepting the trustee's report and closing the estate was entered on January 27, 1982.

debtors in this latest filed case. Thus Decimal posits that the only purpose served by the filing of this latest case is to thwart Decimal in pursuit of its lawful remedies. However, the fact that a discharge has been granted in an earlier case does not preclude a debtor from again becoming a debtor within six years of commencement of the prior case although no discharge may be granted in the second proceeding. 4 Collier on Bankruptcy § 727.11 at 727–73 (15th ed. 1979).

 Further, I can find no merit in the contention by Decimal that, since no discharge can be granted, no plan advanced by the debtors can be confirmed. Decimal has cited no persuasive authority in support of that contention and I can find no legal basis which supports the argument. A primary purpose of Chapter 11 of the Bankruptcy Code is to permit a worthy debtor an opportunity to rehabilitate itself free from the pressures of creditors. Rehabilitation can be a most desirable aim even if no discharge can be granted. In my opinion the issue of confirmation of a plan should be completely separated from discharge issues and the purposes of the Bankruptcy Code can be met even where no discharge is entered. If the drafters of the Code had not meant that result they would not have found it necessary to include in § 1141(d)(3)(C) the notation that the confirmation of a plan does not discharge a debtor if the debtor would be denied a discharge under § 727(a).

It is not unreasonable to conclude that the debtors did in fact file the petition in bankruptcy to prevent the nonjudicial sale of the property. However, that without more, does not constitute the "bad faith" that would mandate dismissal of the case. Decimal has available to it other remedies whereby it can seek leave to continue with the state court proceedings or with its nonjudicial sale.

I find that the fact that the debtors previously have been discharged in a case filed within six years of the filing of the instant case does not prevent it from again filing a petition for order for relief. Although no discharge can be entered in the case a plan of reorganization which meets the requirement of § 1129(a) or (b) can be confirmed, notwithstanding the fact that the debtors may not be discharged of the debts. I can find no bad faith on the part of the debtors which would mandate dismissal of this case. On the other hand I cannot find the type of bad faith on the part of Decimal in bringing this action which would require that attorney's fees and other expenses be assessed against it.

It is, therefore, ORDERED by the Court that the motion to dismiss the above entitled and numbered case filed by Decimal, Inc. be, and it is hereby, denied without prejudice to its right to file new motion to dismiss if a confirmable plan is not timely filed or to seek any other relief to which it might be entitled under Title 11 of the United States Code.

All relief not herein granted is denied.