In re Joseph E. BELMORE, III and Andrea J. Belmore, d/b/a Belmore's Western Auto, Debtors.

John H. APPLETON, Esq., Trustee, Plaintiff,

v.

Joseph E. BELMORE, III and Andrea J. Belmore, d/b/a Belmore's Western Auto, Defendants.

Bankruptcy No. 5–86–00386.
Adv. No. 5–86–0082.

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 12, 1987.

Irve J. Goldman, O'Malley, Harris & Schneider, P.C., Scranton, Pa., for trustee.

Raymond W. Ferrario, Mattes, Mattes & Mattes, P.C., Scranton, Pa., for debtors.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

In this adversary proceeding the Trustee requests that all debts listed by the debtors in their 1986 petition be found non-dischargeable and that the debtors' 1986 peti-

tion be dismissed. This proceeding was started by the Trustee in response to the debtors' attempts to obtain a discharge and enlarged exemptions under a new bankruptcy petition, even though the debtors' prior petition which affects substantially the same debts is still pending. For the reasons provided herein, we dismiss the debtors' 1986 petition. Also, the Trustee argues in response to the debtors' motion to void liens and preserve exemptions that the debtors' motion should be dismissed. It appears that the Trustee is incorrect as to the debtors' 1985 case.

## FINDINGS OF FACT

An evidentiary hearing was held from which we make the following findings of fact.[1]

1. On February 27, 1985, the Belmores filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code.

2. As a result of litigation brought on behalf of James and Leanne Ritter, we denied the debtors' discharge on February 28, 1986 pursuant to § 727(a)(2) and (a)(4) of the Bankruptcy Code.

3. On July 9, 1986, the District Court issued an Order upholding the Bankruptcy Court's Order.

4. Also, the Belmores' February 27, 1985 bankruptcy case is still pending.

5. Nonetheless, on June 18, 1986, the Belmores filed a second petition in bankruptcy claiming as exempt all personal property in their possession as of that date.

6. On July 16, 1986, the Trustee filed a complaint asking that all debts listed or scheduled in the debtors' 1986 bankruptcy case be found nondischargeable and that the case be dismissed.

## DISCUSSION

In addressing this proceeding, we must determine whether the debtors can maintain their June 1986 bankruptcy petition and obtain a discharge and enlarged ex-

---

1. This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

emptions even though their 1985 petition is still pending. The debtors argue that they are entitled to maintain their second petition pursuant to § 109(f) of the Bankruptcy Code which provides:

(f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following a filing of a request for relief from the automatic stay provided by section 362 of this title.

The debtors reliance on § 109(f) as authority to file their 1986 bankruptcy case is misplaced. Congress enacted § 109(f) of the Bankruptcy Code for the purpose of preventing abusive repeat filings. 2 Bankr. Serv. L.Ed., § 11; 93 P. 65 (Supp. 1986). More specifically, § 109(f) was enacted to prevent repeat filings within 180 days following the filing of a request to lift the stay. *Id.* Also, § 109(f) was enacted so that a debtor would not be eligible for bankruptcy relief if a prior case filed by the same debtor had been dismissed within 180 days for willful failure to abide by court orders or to appear before the court. *Id.* While the circumstances described in § 109(f) do not exhaust the possibilities for abusing the Code by refiling following dismissal of a case, § 109(f) only applies when the particular situations described therein are present. 2 *Collier on Bankruptcy,* ¶ 109.06, p. 109–28 (15th Ed.1986). Upon close inspection, it appears that the circumstances described in § 109(f) are not present in this case. Thus, we cannot find that § 109(f) gives the debtors the authority to file their 1986 case.

The clear weight of authority in this country holds that when a bankruptcy action is pending, a subsequent action which purports to effect the same debt cannot be maintained. *Prudential Insurance Company of America v. Colony Square Company,* 40 B.R. 603 (Bankr.N.D.Ga.1984);

*Prudential Insurance Company of America v. Colony Square Company,* 29 B.R. 432 (Bankr.W.D.Pa.1983). "This proposition arises from well-established notions of orderly administration of justice, the court's inherent right to protect its own jurisdiction, and the court's duty to preclude, where possible, an abuse of the bankruptcy laws." *Prudential Insurance Company v. Colony Square Company,* 40 B.R. 603, 605 (Bankr.N.D.Ga.1984).

In this instance, the debtors have filed their June 1986 bankruptcy petition even though the February 1985 petition is pending. Also, the debtors' 1986 petition purports to affect nearly the same debts as does the 1985 bankruptcy petition. The liabilities listed in the 1986 bankruptcy schedules are very similar to those listed in the 1985 schedules. The only differences are that the debt owed to James and Leanne Ritter was increased from Thirty-Four Thousand ($34,000.00) Dollars to Thirty-Seven Thousand Six Hundred Seventy-Seven and 44/100 ($37,677.44) Dollars. Also, Western Auto Supply Company's secured debt which is listed on the 1985 schedules at Ten Thousand Eight Hundred and Sixty ($10,860.00) Dollars is listed on the 1986 schedules as an unsecured claim valued at Thirty Thousand ($30,000.00) Dollars. All other debts are exactly the same. In fact, the debtors have simply reproduced their prior list of debts and submitted this reproduction as part of their schedules.

In their 1985 case, the debtors were denied a discharge pursuant to § 727(a)(2) and (a)(4) and their appeal was dismissed by the District Court. Thereafter, the debtors filed a second bankruptcy while their first bankruptcy was still pending to obtain enlarged exemptions and a discharge. Using a second bankruptcy petition the debtors are attempting to circumvent our Order of February 1986 by obtaining a discharge of debts which was disallowed in the debtors' 1985 bankruptcy case. We cannot allow such a circumvention. Thus, because the debtors' 1986 petition lists nearly the same debts as the debtors' 1985 petition which is still pending and

because we view the debtors' second petition as an attempt to circumvent our February 1986 Order equity requires that we dismiss the debtors' 1986 bankruptcy petition.[2]

Assuming that we allow the debtors to maintain their 1986 bankruptcy case, the debtors would still be denied a discharge of their debts which existed when the debtors filed their 1985 petition. After closely reviewing the arguments set forth by the various parties, we find that § 523(a)(10) not § 727(a)(7) is applicable to the present situation. Case law reveals that if the debtors were denied a discharge in a previous case under the Bankruptcy Code, the exception of § 523(a)(10) is applicable.[3] *Klapp v. Landsman (In re Klapp)*, 706 F.2d 998 (9th Cir.1983); 4 *Collier on Bankruptcy*, ¶ 523.19, p. 523–134 (15th ed. 1986). Section 523(a)(10) provides that:

### § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6) or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act.

The segment of § 523(a)(10) which refers to any debt which "was or could be listed or scheduled in the prior case" means any debt which the debtors owed when their 1985 bankruptcy case was instituted. 4 *Collier on Bankruptcy*, ¶ 523.19, p. 523–134 (15th ed. 1986). The debtors' failure to obtain a discharge in their 1985 bankruptcy case for the most part renders debts then existing nondischargeable in a subsequent case even though a discharge is obtained in the subsequent case. *Id.* A determination

denying the debtor a discharge is, in effect, res judicata, with respect to the debts in existence. *Id.* Thus, the debtors are precluded from obtaining a discharge of those debts which were rendered nondischargeable by our February 1986 Order.

Finally, the Trustee argues that the debtors should not be entitled to avoid liens or preserve their exemptions in the 1985 case because they were denied a discharge. We disagree with the Trustee as to the 1985 case and need not address this issue in the 1986 case because we have dismissed that petition in an earlier part of this Opinion. It appears that the debtor is entitled to the exemptions which he claimed in his first (1985) petition. Also, fraud cannot be raised as a defense to an action to avoid a lien under § 522(f)(1). *Krajci v. Mount Vernon Consumer Discount Company, (In re Krajci)*, 7 B.R. 242 (Bankr.E.D.Pa. 1980). The only relevant question is whether the lien impairs an exemption of the debtor. While fraud is an issue in determining the Belmores right to a discharge and in determining the dischargeability of a debt, it is not an issue which may be raised in an action by the debtors to avoid a lien. *Id.; In re Haupt*, 16 B.R. 118 (Bankr.E.D.Pa.1981); *Nesset v. Blueher Lumber Company (In re Nesset)* 33 B.R. 326 (Bankr.D.N.M.1983). Section 522(f) clearly states that the debtor may avoid a lien if two conditions are met. "Neither of those conditions deal with fraud." *Id.* at 244. Consequently, is appears that the debtors are entitled to claim exemptions and avoid liens arising out of their 1985 bankruptcy case pursuant to § 522(f).

## CONCLUSIONS OF LAW

1. Equity requires that we dismiss the debtors' 1986 bankruptcy petition because the debtors' 1986 petition lists nearly the same debt as does the debtors' 1985 peti-

---

**2.** Also, we see no basis under § 109(f) of the Bankruptcy Code for allowing the debtors' 1986 bankruptcy petition.

**3.** Although § 523(a)(10) is referred to in *Colliers* and in *Klapp, supra,* as § 523(a)(9) the substan-

tive parts of this differently labeled section are exactly the same. Therefore, we refer to this section as § 523(a)(10) as is indicated in the most current edition of the Bankruptcy Code.

tion which is still pending and because we view the debtors' second petition as an attempt to circumvent our February 1986 Order. Also, we cannot find that § 109(f) allows the debtors to file their 1986 bankruptcy case.

2. The debtors failure to obtain a discharge in their 1985 bankruptcy case renders debts then existing nondischargeable in a subsequent case.

3. It appears that the debtors may be entitled to avoid liens or preserve their exemptions arising out of their 1985 bankruptcy case even though they were denied a discharge for fraudulent conduct pursuant to § 727 of the Bankruptcy Code.