**In re Don and Roberta SMITH, Debtors.**

**Bankruptcy No. BK–88–2640–BH.**

United States Bankruptcy Court, W.D. Oklahoma.

May 4, 1988.

Denise C. Villani and Henry P. Rheinberger, Crowe & Dunlevy, Oklahoma City, Okl., for Prudential Ins. Co.

David G. Nixon, Arens & Alexander, Fayetteville, Ark., for debtors.

## ORDER

RICHARD L. BOHANON, Chief Judge.

The Prudential Insurance Company of America has moved to dismiss this petition because the debtors are also debtors in another case currently pending in this district.

It appears that the first case was filed in May 1987 under Chapter 11 after Prudential had obtained a judgment foreclosing its lien on debtors' property.

In September 1987 an order was entered directing that the real estate subject to Prudential's lien be abandoned and the automatic stay modified to allow it to proceed with foreclosure.

In October 1987, on debtors' motion, an order was entered converting the case to one under Chapter 7.

Subsequently debtors caused title to the real estate to be transferred and accordingly another order modifying the automatic stay was entered in November 1987.

Debtors' Chapter 7 discharge was routinely granted in March 1988.

On April 12, 1988 the judicial sale of the real estate was conducted and the required hearing to confirm that sale was noticed for April 25, 1988. This petition was filed on April 22, 1988.

The previous case has not been closed and debtors' motion to convert that case to one under Chapter 12 is pending.

Prudential's motion to dismiss the petition is premised upon the proposition that a person may not simultaneously be a debtor in two cases. Debtors contend that since the discharge has been granted in the prior case there is no prohibition preventing them from commencing the second case. The cases upon which they rely do not support their proposition.

In *In re Nickerson,* 40 B.R. 693 (Bankr. N.D.Tex.1984) a Chapter 7 case was closed and three years later the debtors filed a petition under Chapter 11. A creditor moved to dismiss arguing that the debtors could not be granted another discharge due to the six year rule of § 727(a)(8). The court denied the motion to dismiss noting that confirmation of a Chapter 11 plan is separate from the Chapter 7 discharge issue and a plan can be confirmed without a discharge. We have no quarrel with the holding in *Nickerson* but it begs the issue since the prior case was closed before the second was filed. That factor is the all-important distinction.

Debtors next cite *In re Gayton,* 61 B.R. 612 (Bankr. 9th Cir.1986). There debtors received a Chapter 7 discharge and four years later filed a petition under Chapter 13.[1] The bankruptcy judge dismissed the Chapter 13 petition concluding that it was in bad faith since it was filed within six years of the prior discharge. The appellate panel reversed noting that the six year rule of § 727(a)(8) is applicable only in Chapter 7 cases. 11 U.S.C. § 103(b). The decision is founded upon the premise that there is simply no prohibition to filing a Chapter 13 petition within the six year period after a discharge has been granted. *See also Collier on Bankruptcy* (15th ed. 1987) ¶ 727.11. The case, however, does not stand for the proposition that a person may be a debtor in two cases pending at the same time.

The decision in *In re Baker,* 736 F.2d 481 (8th Cir.1984) is to the same effect as *Gayton.* It, likewise, fails to hold that persons may simultaneously be debtors in two separate cases.

There are authorities that do address the simultaneous case issue. *In re Belmore,* 68 B.R. 889 (Bankr.N.D.Pa.1987) holds that while one bankruptcy case remains pending there can not be a subsequent one effecting the same debt. "This proposition arises from the well-established notions of orderly administration of justice, the

---

1. The decision does not state whether the first case had been closed by the time the second was    filed. Due to the time involved we assume the Chapter 7 case was closed.

court's inherent right to protect its own jurisdiction, and the court's duty to preclude, where possible, an abuse of the bankruptcy laws." *Id.* at 891. *See also Prudential Insurance Company v. Colony Square Company,* 40 B.R. 603 (Bankr. N.D.Ga.1984), and *In re Stahl, Asano, Shigetomi & Associates,* 7 B.R. 181 (Bankr.D. Hawaii 1980).

In *Freshman v. Atkins,* 269 U.S. 121, 124, 46 S.Ct. 41, 42, 70 L.Ed. 193 (1925) the Court addressed a similar situation and said "the court may well act of its own motion to supress an attempt to overreach the due and orderly administration of justice."

If these debtors are permitted to maintain their second petition while a prior case is pending an easy avenue for abuse of the bankruptcy system would be sanctioned. It is conceivable that debtors could undertake numerous simultaneous filings when events in one case take a turn to their disliking. There is simply no rule of law which would allow debtors to have two cases pending at the same time.

The motion is granted and the petition in this case dismissed.