## In re Irving JACKSON and Nadirah Jackson.

### Bankruptcy No. 289–05466–A–13.

United States Bankruptcy Court,
E.D. California.

Oct. 30, 1989.

Timothy J. Walsh, Fairfield, Cal., for debtor.

Larry J. Loheit, Sacramento, Cal., Trustee.

Martha Lynn, Shapiro & Miles, Costa Mesa, Cal., for secured creditor GMAC Mortgage Corp.

## ORDER DISMISSING CASE

LOREN S. DAHL, Chief Judge.

By the successive filings of chapter 7 and chapter 13, the debtors have written a "chapter 20" into the Code where none exists. Pursuant to this court's inherent ability to determine its own jurisdiction over cases and its duty to preclude an abuse of the bankruptcy laws, the court orders this case dismissed forthwith.

The case files reveal the following facts. The debtors first filed a chapter 7 case on March 16, 1989 (case number 289–01464–B–7) and on July 12, 1989 were discharged from their debts. In their summary of debts and property the debtors listed $24,738 in unsecured claims without priority. On August 2, 1989, the court, the Hon. David E. Russell, presiding, signed an order which granted GMAC Mortgage Corporation (GMAC), the holder of a secured claim against the debtor's residence, relief from the automatic stay.

On August 15, 1989, while their chapter 7 case still was pending, the debtors filed the present chapter 13 case and in their plan proposed to pay the arrearages owed to GMAC. The debt to GMAC is the only debt listed in the plan. On August 28, 1989, their chapter 7 case was closed.

The weight of authority holds that once a bankruptcy case is filed, a second case which affects the same debt cannot be maintained. *In re Smith*, 85 B.R. 872 (Bankr.W.D.Ok.1988); *In re Belmore*, 68 B.R. 889 (Bankr.M.D.P.1987); *Prudential Insurance Co. of America v. Colony Square Co.*, 40 B.R. 603 (Bankr.N.D.Ga. 1984), *aff'd*, 62 B.R.48 (N.D.Ga.1985); *In re Stahl, Asano, Shigetomi & Associates*, 7 B.R. 181 (Bankr.D.Haw.1980). *Contra In re Strause*, 97 B.R. 22 (Bankr.S.D.Cal.1989) and cases cited therein.

In *Colony Square* the court held, *inter alia*, that it did not have subject matter jurisdiction over a chapter 11 case which was filed while a chapter XII case still was pending. 40 B.R. at 607. In *Smith* the court stated,

[i]f these debtors are permitted to maintain their second petition while a prior case is pending an easy avenue for abuse of the bankruptcy system would be sanctioned. It is conceivable that debtors could undertake numerous simultaneous filings when events in one case take a turn to their disliking. There is simply no rule of law which would allow debtors to have two cases pending at the same time.

85 B.R. at 874.

This court concurs with the holdings in *Colony Square* and *Smith*. The debtors in the present case discharged over $24,000 in unsecured debt in their chapter 7 case and now seek chapter 13 protection without the price of paying unsecured claims. This practice is an abuse of the bankruptcy system which will not be permitted.

This court is cognizant of the holding in *Matter of Metz*, 820 F.2d 1495 (9th Cir. 1987) where the court held that the filing of two consecutive chapter 13 petitions after the debtor received a chapter 7 discharge did not constitute bad faith per se. The court found that it must look at the totality of the circumstances and that the debtor's increased salary made it possible for the debtor to now propose a cure in his second chapter 13 case. 820 F.2d at 1498. The debtor in *Metz* had also proposed to pay the arrearages owed to the secured creditor with market rate interest and the debtor had kept his house payments current. *Id.*

The court in *Metz* did not decide the specific issue of whether a debtor could maintain two simultaneous cases and this court does not read *Metz* to condone such a practice. In any event, even if the court applied *Metz* to the present facts in order to determine whether the debtors filed their chapter 13 case in good faith, the court still would rule against the debtors.

A comparison of the two monthly budgets filed by the debtors at the time they filed their chapter 7 and 13 petitions shows that the total monthly income is approximately the same although the debtors re-

port that their monthly expenses now have decreased. There is no evidence before the court which would show any changed circumstances to justify their filing of a chapter 13 petition after the chapter 7.

## CONCLUSION

This court has the power to determine *sua sponte* its own jurisdiction over cases and to prevent the abuse of the bankruptcy process.

The filing of the chapter 13 case while the debtors chapter 7 case was pending is a nullity and was not done in good faith. Therefore, it is

ORDERED that the aforesaid case be and the same is hereby dismissed forthwith.