**In re Melvin J., Jr. & Joan F. BODINE, Debtors.**

No. 89–21165.

United States Bankruptcy Court, W.D. New York.

April 20, 1990.

Douglas J. Lustig, Rochester, N.Y., for debtors.

George M. Reiber, Rochester, N.Y.

Mark H. Fandrich, Auburn, N.Y., for Federal Land Bank and PCA.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

In this case, a Chapter 12 petition was filed after a Chapter 7 discharge was granted but before the Chapter 7 case was closed. Melvin J., Jr. and Joan F. Bodine, the Debtors herein, now request that their Chapter 12 Plan be confirmed. No objection has been made to the Plan being confirmed.

The facts are as follows. The Bodines filed a Chapter 11 petition on February 11, 1986. On March 8, 1988, the Chapter 11 was converted to a Chapter 7. They received their discharge on January 4, 1989. The Bodines filed a Chapter 12 petition on July 26, 1989. However, their Chapter 7 case was still pending due to a dispute as to the Chapter 7 estate's interest in certain crop proceeds. On the date of the confirmation hearing, these proceeds amounting to $8,157.55 plus interest were still in the possession of the Bodines. However, the Bodines, in their brief assert that the money has been turned over to the Chapter 7 trustee. The original Chapter 11 filing showed secured debts amount to $1,469,823 and unsecured debts amounting to $61,000. The Chapter 12 filing shows secured debts amounting to $862,000 and listed the Chapter 7 trustee as the only unsecured debt.

This Court has previously held that simultaneous petitions in bankruptcy are not allowed. *In re Heywood*, 39 B.R. 910, 911 (Bkrtcy.W.D.N.Y.1984), *citing Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925). The holding in *Heywood*, supra, was premised on the fact that a debtor possesses only one estate for the purpose of trusteeship and each bankruptcy must be administered as a single estate under a single Chapter of the Code. *Associates Financial Services Corporation v. Cowen*, 29 B.R. 888 (Bkrtcy.S.D.Ohio 1983). The majority of the courts which has addressed the issue of simultaneous filings agree with this Court's holding in *Heywood*, supra. *See In re Jackson*, 108 B.R. 251 (Bkrtcy.E.D.Cal.1989); *In re Fulks*, 93 B.R. 274 (Bkrtcy.M.D.Fla.1988); *In re Belmore*, 68 B.R. 889 (Bkrtcy.M.D.Pa.1987);

*Prudential Insurance Co. of America v. Colony Square Co.*, 40 B.R. 603 (Bkrtcy.N.D.Ga.1984), *aff'd*, 62 B.R. 48 (N.D.Ga.1985); and *In re Stahl, Asano, Shigetomi & Associates*, 7 B.R. 181 (Bkrtcy.D.Hawaii 1980).

The Bodines assert that the majority view is based on a misreading of *Freshman*, 269 U.S. 121, 46 S.Ct. 41. They contend *Freshman* does not stand for the proposition that simultaneous filings are not permitted. Instead, they argue *Freshman* stands for the proposition that two applications for discharge of the same debts cannot be pending at the same time. The Bodines urge the Court to adopt the emerging minority view which holds that once a discharge has been granted in a preceding Chapter 7 case, the debtor may file a second petition to reorganize the remaining debts which have not been discharged. *See In re Kosenka*, 104 B.R. 40 (Bkrtcy.N.D.Ind.1989) and cases cited therein.

This Court declines to adopt the emerging minority view. Further, this Court agrees with the Court's statement in *In re Smith*, 85 B.R. 872 (Bkrtcy.W.D.Okl.1988), that to permit debtors to maintain their second petition while the first is pending is an easy avenue for abuse of the bankruptcy system. "It is conceivable that debtors could undertake numerous simultaneous filings when events in one case take a turn to their disliking." *Smith* at 874. This is apparently what has occurred in the case at bar. The Bodines original attempt to reorganize failed and their case was converted to a Chapter 7. Unhappy with the result in their first case, they have initiated a second. Such action will not be sanctioned. "Congress surely intended that a debtor achieve its goals by the filing of a single case. This Court considers it a misuse of the bankruptcy process to file one case, then, failing to achieve the intended goals, to refile a second case." *In re Russo*, 94 B.R. 127, 129 (Bkrtcy.N.D.Ill.1988) *citing In re Jackson*, slp. op. (Bkrtcy.N.D.Ill. 1988).

Even if this Court were to adopt the minority view and allow the filing of simul-

taneous petitions, the Bodines' Plan is not confirmable. A Chapter 12 Plan must be confirmed if it meets all the requirements of 11 U.S.C. § 1225. *In re Johnson*, 708 F.2d 865 (2nd Cir.1983) (addressing confirmation of Chapter 13 plan under almost identical § 1325). One such requirement is embodied in § 1225(a)(3) which requires a finding that the Plan was proposed in "good faith". However, the fact that all creditors have accepted the Plan or no creditor has objected to the Plan does not make confirmation a ministerial act. This Court pursuant to § 1225(a)(3) has an independent duty to consider any and all relevant facts bearing on the debtor's good faith. *In re Warren*, 89 B.R. 87, 90 (9th Cir.BAP 1988). The Court must exercise its informed and independent judgment when called on to confirm a Plan. *See In re Meltzer*, 11 B.R. 624, 626 (Bkrtcy.E.D.N.Y. 1981); *In re Chaffin*, 836 F.2d 215, 216 (5th Cir.1988) ("[t]he court has the authority and duty to examine a plan even when no creditor has objected ...").

■ ."Good faith" requires honesty of intention in the debtor's conduct in the submission, approval and implementation of their plan. It requires a determination by the Court that the debtors have not misrepresented facts in their plan, unfairly manipulated the Bankruptcy Code or otherwise proposed their Plan in an inequitable manner. *In re Johnson*, 708 F.2d 865, 868 (2nd Cir.1983).

■ The Bodines have used Chapter 7 to discharge their unsecured debts. They filed a Chapter 12 petition almost seven months after receiving the Chapter 7 discharge but prior to their Chapter 7 case being closed. The only unsecured debt listed was the Chapter 7 trustee. No payments are proposed to be made on the undersecured portion of secured creditors debt. For example, two secured creditors' liens are being valued to the extent of value in the property. 11 U.S.C. § 506(a). However, instead of the undersecured portion of the debt being treated as unsecured debt, it is the Bodines' position that the undersecured portion was discharged in the Chapter 7. This is an inequitable result.

The undersecured creditor should be treated as an unsecured creditor, 11 U.S.C. § 506, and then should have right to object to the Plan. 11 U.S.C. § 1225(b)(1). This would have been the result if the Bodines had converted their Chapter 7 to a Chapter 12. The Bodines have manipulated the Code by using a combination of Chapter 7 and Chapter 12 (Chapter "19") to accomplish what could not have been done under either.

A debtor may only maintain one active bankruptcy case. The Bodines' Chapter 12 petition is dismissed and it is so ordered.