**In re Joseph William BEFORT and Betty Louise Befort, Debtors.**

**Bankruptcy No. 91–42031–11.**

United States Bankruptcy Court,
D. Kansas.

Feb. 12, 1992.

Joel L. Klausen, Omaha, Neb., and Mark W. Neis of Neis and Michaux, P.A., Topeka, Kan., for debtors.

Patricia A. Reeder and Timothy H. Girard of Woner, Glenn, Reeder, Lowry & Girard, Topeka, Kan., for Farmers Nat. Bank of Osborne, Kan.

## MEMORANDUM OF DECISION

JOHN T. FLANNAGAN, Bankruptcy Judge.

The motion of Farmers National Bank (the "Bank") for sanctions against debtors and their attorney, Joel L. Klausen, appearing *pro hac vice*, and this Court's Order to Show Cause why sanctions should not be imposed are before the Court for decision. Debtors appear by their counsel, Joel L. Klausen, Omaha, Nebraska, and local counsel, Mark W. Neis of the firm of Neis and Michaux, P.A., Topeka, Kansas. Farmers National Bank appears by its counsel, Patricia A. Reeder and Timothy H. Girard of the firm of Woner, Glenn, Reeder, Lowry & Girard, Topeka, Kansas. There are no other appearances.

## STATEMENT OF ISSUE

The issue presented is whether the Court should impose sanctions against the debtors and their counsel for the filing of a Chapter 11 bankruptcy petition when the debtors already had pending a Chapter 12 case. The Bank has asked the Court to deny debtors' counsel any fees in the Chapter 11 case and award the Bank its fees and costs incurred in the Chapter 11 case. Debtors' counsel has argued that sanctions should not be imposed because he was not aware of this jurisdiction's position on concurrent case filings as he had not obtained local counsel at the time that the Chapter 11 case was filed.

After consideration of the pleadings filed in this case, the arguments of counsel and review of relevant law, the Court finds that the debtors and their counsel, Joel L. Klausen, are subject to sanctions under Federal Rule of Bankruptcy Procedure 9011, as more fully set forth below. The Court finds that the debtors' local counsel, Mark W. Neis, is not subject to sanctions since he did not become a counsel of record until after the Chapter 11 case was filed.

## JURISDICTION

The Court finds that this proceeding is core under 28 U.S.C. § 157 and that the Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984.

## FINDINGS OF FACT

The facts are undisputed. The debtors filed a Chapter 12 bankruptcy in 1987, Bankruptcy Case No. 87–41704–12, and obtained confirmation of their Chapter 12 plan in December of 1988. The three-year plan provided for payments to the Farmers Home Administration ("FmHA"), the Farmers National Bank of Osborne, Kansas, and the Commodity Credit Corporation. Prior to the debtors' completion of their Chapter 12 plan payments in February of 1991, the FmHA filed a motion to dismiss the Chapter 12 case. In March of 1991, the debtors and the FmHA entered into an agreed order allowing the debtors to pursue an application with the FmHA for restructuring their debt. In June of 1991, the debtors and the FmHA executed and filed an agreed order modifying the debtors' Chapter 12 plan.

In July of 1991, the Farmers National Bank of Osborne, Kansas, requested relief from the automatic stay or, in the alternative, a determination that the automatic stay did not apply in the Chapter 12 case. On October 3, 1991, the debtors filed their Chapter 11 petition, signed by them and their counsel, Joel L. Klausen. When the Chapter 11 petition was filed, Mr. Klausen had not yet employed local counsel. The Court required compliance with D.Kan.Bk. Rule 9010.1 and D.Kan.Rule 404 with the result that Mark W. Neis was employed as local counsel after the filing of the petition.

On October 10, 1991, the Farmers National Bank filed its motion to dismiss the Chapter 11 case, requesting sanctions. The Standing Chapter 12 Trustee filed a motion to dismiss the Chapter 11 case on October 23, 1991. Both the Bank and the Trustee premised their motions to dismiss on the ground that the debtors' Chapter 12 case was still pending.

The Court heard the motions to dismiss on November 5, 1991, and sustained the Bank's motion, citing *In re Kruse*, Nos. 87–4198–R and 87–4199–R (D.Kan.1988),

wherein The Honorable Richard Rogers held:

> The law is well settled that a debtor cannot properly be in more than one voluntary bankruptcy proceeding at one time. *In re Belmore,* 68 B.R. 889, 891 (Bankr.M.D.Pa.1987), *Prudential Insurance Co. of America v. Colony Square Co.,* 40 B.R. 603, 605–06 (Bankr.N.D.Ga.1984), *In re Prudential Insurance Co. v. Colony Square Co.,* 29 B.R. 432, 436 (W.D.Pa.1983).

At the same time, the Court directed that a show cause hearing be scheduled on the Bank's motion for sanctions as required by D.Kan.Bk.Rule 9011.1. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 2454–57, 110 L.Ed.2d 359 (1990), although involving an involuntary dismissal, supports the Court's reservation of jurisdiction to consider the Rule 11 question.

On December 2, 1991, the debtors filed a response to the request for sanctions, stating that the Chapter 11 case was filed because the debtors had been negotiating an agreement with the Bank that would involve a liquidation of a substantial amount of their assets and that upon the advice of their counsel and their accountant, the debtors had decided that they should file a Chapter 11 case to avoid possible adverse tax consequences. The response also stated that the debtors could not make their payments under the Chapter 12 plan; that they had incurred additional debt since the confirmation of the Chapter 12 plan; and that their new creditors had filed suit against them to collect on the new debts.

On January 14, 1992, the parties appeared before the Court on the Bank's motion for sanctions and on the Court's order to show cause why sanctions should not be imposed. Debtors' counsel stated on the record that at the time the Chapter 11 case was filed, he had not obtained local counsel and that he was not aware of the decisions of this jurisdiction prohibiting the filing of concurrent cases.

## CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure 9011 provides in part:

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause delay or needless increase in the cost of litigation or administration of the case.... If a document filed with the court is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Courts that have considered the imposition of sanctions in cases involving concurrent bankruptcy filings have found that debtors and their counsel are subject to sanctions. In *Weiszhaar Farms, Inc. v. Livestock State Bank,* 113 B.R. 1017, 1020 (D.S.D.1990), a reviewing District Court held that "while there is no inherent abuse in availing oneself of the automatic stay, manipulating the judicial process by reimposing the automatic stay through multiple filings works an unconscionable fraud on creditors." In that case, the debtor was in a Chapter 11 case and the bankruptcy court denied debtor's motion for stay of execution against a creditor holding a "drop dead" clause. The debtor then filed a Chapter 12 petition. The bankruptcy court found that the filing was in bad faith because it was an attempt to frustrate the court's prior order in the Chapter 11 case denying a stay of execution. The district court affirmed the bankruptcy court's award of sanctions against the debtor and its counsel, including over $50,000 in expenses that the bank had incurred as a result of a delay in the sale of the collateral.

The court in *In re Martin,* 97 B.R. 1013 (Bankr.N.D.Ga.1989), also ordered sanctions against the debtor and her attorney for the filing of a Chapter 7 case when the debtor already was proceeding under Chapter 13. The court noted that it was well established that a debtor may not maintain two simultaneous and separate bankruptcy cases, citing *Associates Financial Services Corp. v. Cowen,* 29 B.R. 888 (Bankr. S.D.Ohio 1983), *In re Smith,* 85 B.R. 872, 873–74 (Bankr.W.D.Okla.1988), *Administrator of Veterans Affairs v. Lunsford,* 39 B.R. 490, 491 (Bankr.N.D.Ga.1984), *In re Belmore,* 68 B.R. at 891 and *Freshman v. Atkins,* 269 U.S. 121, 123–24, 46 S.Ct. 41, 41–42, 70 L.Ed. 193 (1925).

This Court determines that the Chapter 11 bankruptcy petition was filed in violation of Fed.R.Bankr.P. 9011. The debtors were in a pending Chapter 12 case in which a creditor had recently requested relief from the stay to proceed in state court. The debtors admitted that they could not make their payments under the confirmed Chapter 12 plan, but no motion to modify their plan was filed. At the time the Chapter 11 case was filed, the debtors had not attempted to convert their Chapter 12 to a Chapter 11. As the cited case law indicates, attempts by debtors to proceed simultaneously in more than one bankruptcy case have not been well received by the courts. The Court finds that the debtors' filing of a Chapter 11 case while their Chapter 12 case was pending was reasonably calculated to cause their creditors delay and increase the cost of litigation.

Debtors' counsel has stated on the record that he was not familiar with the case law in this jurisdiction prohibiting the filing of the Chapter 11 while the Chapter 12 was pending. Yet, he cites no authority from his own jurisdiction that would have permitted the Chapter 11 filing while the debtors were still in a pending Chapter 12 case. The citation of such authority would not exempt counsel's signature from the Fed. R.Bankr.P. 9011 certification "that to the best of the attorney's or party's knowledge, information, and belief *formed after reasonable inquiry,* it is well grounded in fact and is warranted by existing law or a good faith argument for extension, modification, or reversal of existing law . . . ." (Emphasis added.) Had counsel shown that the law in his home jurisdiction allowed concurrent filings, the Court might have given more credence to his argument. On this record, the Court finds that debtors' counsel did not perform a reasonable inquiry into the facts and existing law in regard to the filing of a Chapter 11 case when the debtors were already proceeding in a Chapter 12 case.

■ Accordingly, the Court grants the Bank's motion for sanctions and orders that the debtors and their counsel, Joel L. Klausen, are hereby held jointly and severally liable to pay the reasonable expenses incurred by the Bank in the Chapter 11 case, including attorney's fees. The debtors are included in this order because the Court is without information as to the extent of debtors' participation in the decision to file the Chapter 11 petition. However, since they were familiar with the status of the Chapter 12 case yet sought Mr. Klausen's services for the filing of the Chapter 11 petition, the presumption is that they exerted some influence to obtain its filing. Accordingly, they must be held accountable for their counsel's dereliction absent a showing that absolves them of responsibility for the filing. If they are aggrieved by this order, they may apply for rehearing within ten (10) days of the service of this judgment upon them to address further the propriety of its application to them individually.

The Bank is directed to submit to the Court, within thirty (30) days from the date of this order, a statement of its reasonable expenses, including attorney's fees. The debtors and their attorney, Joel L. Klausen, shall have twenty (20) days from the filing of the statement to object to the reasonableness of the fees and expenses. The Bank's request that Klausen's fees in this Chapter 11 case be denied is overruled.

The foregoing discussion shall constitute findings of fact and conclusions of law

under Fed.R.Bankr.P. 7052 and Fed. R.Civ.P. 52(a).

IT IS SO ORDERED.