**In re CAPEROADS PLAZA LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 93–11321.**

United States Bankruptcy Court, D. Massachusetts.

June 1, 1993.

James F. Wallack, Goulston & Storrs, P.C., Boston, MA, Alan E. Lazarescu, Henry Pon, New York City, for Metropolitan Life Ins. Co.

Robert R. Leinwand, Robinson Brog Leinwand Reich Genovese & Gluck, P.C., New York City, James M. Liston, Kaye,

Fialkow, Richmond & Rothstein, Boston, MA, for Caperoads Plaza Ltd. Partnership.

## OPINION

WILLIAM C. HILLMAN, Bankruptcy Judge.

Caperoads Plaza Limited Partnership (the "Partnership") is the owner of Caperoads Plaza, a shopping center located in Raynham, Massachusetts (the "Plaza"). The financial and title history of the Plaza is complex. At the present time, after mesne conveyances and subordinations, we find the Plaza encumbered by a variety of mortgages, the senior of which is held by Metropolitan Life Insurance Company ("MetLife").

### Caperoads I

On February 13, 1989, the Partnership filed a petition in this Court under Chapter 11 ("Caperoads I").[1] A plan was confirmed on April 6, 1990. On October 2, 1990, an order was entered approving a stipulation between Caperoads and MetLife. There has been no further action in that case and it remains open of record.

### Caperoads II

On December 14, 1992, Caperoads commenced a second Chapter 11 case, this time in the Southern District of New York, where it was assigned to Judge Abram ("Caperoads II").[2] MetLife moved to dismiss the case or, alternatively, to transfer venue to Massachusetts. The basis of the motion was that Caperoads II was a serial filing attempting to modify a substantially consummated confirmed plan in violation of 11 U.S.C. § 1127(b).[3]

Judge Abram ruled that she had jurisdiction of the case at least to the extent of considering the motion, as Caperoads I was inactive and therefore not "pending" under

1. Chapter 11 No. 89–10337–WCH (Bankr. D.Mass.), formerly No. 89–10337–HAL.

2. Chapter 11 No. 92B–46889 (PBA) (Bankr. S.D.N.Y.).

3. "The proponent of a plan or the reorganized debtor may modify such plan at any time after

confirmation and *before substantial consummation of such plan....*" (emphasis added). The parties agree that the plan has been substantially consummated within the meaning of 11 U.S.C. § 1101(2), text *infra* at n. 5.

FRBP 1014(b).[4] Nevertheless, on January 28, 1993, Judge Abram ordered that the case be transferred to this Court and "that that part of MetLife's Motion seeking dismissal ... is not ruled upon and shall be placed upon the calendar" of this Court. The effect of this decision is to moot her decision on jurisdiction, since, had she found the opposite—that the case was required to be filed in the District of Massachusetts because of the plain language of FRBP 1014(b)—she could simply have transferred it under FRBP 1014(a)(2).[5]

A hearing on the dismissal portion of the motion was held on February 25, 1993, and the matter taken under advisement. That motion is now moot.

MetLife subsequently filed a motion seeking to terminate the Partnership's use of cash collateral. Expedited termination was sought and granted and the matter was heard on May 25, 1993. At that hearing the Court *sua sponte* raised the question of whether Caperoads II should be dismissed because of the pendency of Caperoads I. The Court also issued an order to show cause why Caperoads I should not be dismissed or converted because of MetLife's allegations of material defaults by the Partnership with respect to the confirmed plan. The hearing was continued to May 27, 1993, at which time the issue of simultaneous petitions was argued; the show cause in Caperoads I was continued generally.

After hearing, the Court ordered that Caperoads II be dismissed because of the pendency of Caperoads I. The following incorporates the Court's rulings as presented from the bench at that time.

### Discussion

■ There is nothing in the Bankruptcy Code expressly prohibiting a debtor from having two cases pending at the same time. However, ever since *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), it has generally been held that simultaneous cases are prohibited. *See, e.g., In re Befort*, 137 B.R. 56, 58 (Bankr.D.Kan. 1992); *In re Keen*, 121 B.R. 513 (Bankr. W.D.Ky.1990); *In re Bodine*, 113 B.R. 134, 135 (Bankr.W.D.N.Y.1990) and cases cited.

■ The Partnership concedes that the stated view is correct, but contends that Caperoads I is not truly a pending case. It would have the Court adopt the modified standard expressed in *Putnam Trust Co. v. Frenz (In re Frenz)*, 142 B.R. 611, 614 n. 2 (Bankr.D.Conn.1992) and cases cited in that decision, that the absolute bar of simultaneous cases is

> "qualified by generally permitting a debtor to commence a second case while a prior case is still open when the administration of the prior case has been virtually completed and the debtor has already received his discharge."

As applied to this case, the Partnership argues that when a case under Chapter 11 has been substantially consummated[6] and fully administered, and nothing remains to be done except for the entry of a final decree under FRBP 3022,[7] the case is not open.

The Court does not agree.

---

**4.** "If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor ... on motion filed in the district in which the petition filed first is pending and after hearing on notice ... the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed." FRBP 1014(b).

**5.** "If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice ... the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties." FRCP 1014(a)(2).

**6.** "In this chapter ... 'substantial consummation' means (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2).

**7.** "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

To adopt the rule proposed by the Partnership would lead to multiple filings, and the necessity for extensive hearings on the status of the earlier case. It would also permit the possibility that, after the second case is underway, a party might seek conversion or dismissal of the first case under 11 U.S.C. § 1112(b)(8),[8] which could create havoc, especially with regard to claims. There is no reason to open the door to such possibilities.

Caperoads II must be dismissed.

---

**8.** "... on request of a party in interest ... and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

"...

"(8) material default by the debtor with respect to a confirmed plan...."